IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01930-PAB-KLM

APOLONIO AYALA,
KATHLEEN TEPPER,
LORETTA SENA,
DEBORAH SEPPERS,
ROBIN WATKINS,
JAMI BARNABY,
TERESA GARCIA,
DANIEL BARNETT,
TIMOTHY LUCERO,
ELIZABETH MOLINA, and
CLAUDIA CASTRO,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,
DANA DAILEY, and
MICHELLE BRADLEY,

    Defendants.
_____

**ORDER REMANDING CASE TO STATE COURT**
_____

This matter is before the Court on plaintiffs' Motion to Remand to State Court [Docket No. 10]. The motion is fully briefed and ripe for review. For the reasons discussed below, I conclude that the Court lacks subject matter jurisdiction and, therefore, the motion to remand must be granted.

Plaintiffs commenced this action in the Boulder County District Court on August 18, 2008. Defendants American Family Mutual Insurance Company ("American Family"), American Standard Insurance Company of Wisconsin ("American Standard"),

Dana Dailey, and Michelle Bradley joined in a notice of removal on September 9, 2008, putatively invoking the Court's jurisdiction under 28 U.S.C. § 1332. Plaintiffs timely moved to remand the case to state court pursuant to 28 U.S.C. § 1447, arguing that complete diversity of citizenship is lacking and that the amount in controversy does not exceed $75,000. Because I find the latter issue dispositive, it is unnecessary to address the former.

Federal jurisdiction under 28 U.S.C. § 1332 requires not only diversity of citizenship, but also that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). Plaintiffs did not claim damages in a sum certain in their state court complaint. Therefore, the notice of removal must affirmatively establish that the amount in controversy requirement is met. *Laughlin*, 50 F.3d at 873. My analysis of whether the defendants have demonstrated that federal jurisdiction is proper is guided by the principle that "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1289-90.

To establish the requisite amount in controversy, the removing defendants argue that: (1) the Civil Cover Sheet filed in state court asserts that "[t]his party is seeking a monetary judgment for more than $100,000.00 against another party;" (2) the plaintiffs seek treble damages and attorney fees; and (3) noneconomic damages potentially

available to plaintiffs are capped at an amount in excess of the jurisdictional minimum. Defendants also rely on *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005), for the proposition that they need only demonstrate that the amount in controversy requirement is satisfied as to one plaintiff. Having reviewed the notice of removal along with defendants' arguments in response to plaintiffs' motion to remand, I conclude defendants fall short of their burden to "prove jurisdictional facts by a preponderance of the evidence such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (internal quotation marks omitted).

Defendants' arguments in favor of removal jurisdiction are not new. American Family has removed a number of cases to this district arising from a class action case, *Hicks v. American Family Mutual Insurance Co.*, Case No. 04CV879, wherein the District Court for Boulder County certified a class comprised of American Family insureds and ultimately reformed the class members' insurance policies to conform with Colorado law governing extended personal injury protection insurance coverage. American Family's attempts to remove such actions in which it raised the same arguments summarized above, but failed to proffer factual support evidencing that any of the plaintiffs' claims exceeded $75,000, have consistently resulted in remand to state court. *See*, *e.g.*, *Krein v. American Family Mut. Ins. Co.*, No. 08-cv-01496-MSK-KLM, 2008 WL 4879174, *2 (D. Colo. Nov. 7, 2008); *Cooley v. American Family Mut. Ins. Co.*, No. 08-cv-1041-WYD-MEH, *8-*9 (D. Colo. Nov. 3, 2008); *Espinoza v. American Family Mut. Ins. Co.*, No. 08-cv-00709-REB-MEH, *1 (D. Colo. Oct. 7, 2008); *Young v.*

*American Family Mut. Ins. Co.*, No. 08-cv-01139-REB-BNB, *1 (D. Colo. Oct. 6, 2008); *Hill v. American Family Mut. Ins. Co.*, No. 08-cv-01447-REB-KLM, 2008 WL 4533661,*1-*2 (D. Colo. Oct. 3, 2008); *Humphreys v. American Family Mut. Ins. Co.*, No. 08-cv-01299-WYD-CBS, 2008 WL 2787344,1*-*2 (D. Colo. July 15, 2008).  Such is the case in the matter before me.

Defendants' reliance on the Civil Cover Sheet to establish an amount in controversy exceeding $75,000 is unpersuasive.  The Civil Cover Sheet lacks certification of counsel pursuant to Fed. R. Civ. P. 11 or C.R.C.P. 11 and offers the Court no basis on which to discern whether the plaintiff seeks damages that are recoverable under applicable law.  *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007).  The vagueness of the Civil Cover Sheet is further amplified in this case because it is unclear whether the claimed damages are attributable to all eleven plaintiffs or to any one or more of them individually.  *See Hill*, 2008 WL 4533661 at *2.  In short, I am unable to find that the defendants have met their burden with respect to proving the likelihood that even one of the plaintiffs seeks more than $75,000 based on the representations made in the Civil Cover Sheet.

Defendants' other arguments similarly fail to offer substantive facts from which this Court can infer that more than $75,000 is at issue as to each plaintiff in this lawsuit.[1]  Defendants point to plaintiffs' claim for treble the amount of insurance benefits

---

[1] Defendants' citation of *Exxon Mobile Corp. v. Allapattah Services* does not advance their claim that they need only prove the amount in controversy as to one plaintiff.  There, the Supreme Court held that in a class action case where the court has original jurisdiction over at least one class member's claim, it may exercise supplemental jurisdiction over all other class members' claims that are part of the same case or controversy, notwithstanding whether such claims satisfy the amount in

4

not paid, but offer no estimate of the damages attributable to any of the plaintiffs' claims. Notice of Removal ¶ 24. Defendants also highlight the attorney fees that plaintiffs may be able to recover if they prevail on their statutory breach of insurance contract claims. They make no attempt to estimate an amount of such fees, however, instead admitting that "the amount of attorney fees cannot yet be determined." *Id.* ¶ 25. The Court further finds defendants' argument that Colorado law caps damages for noneconomic injuries at an amount well above the jurisdictional minimum is of no assistance in ascertaining a likely value of any of the plaintiffs' claims. *See id.* ¶ 26.

In this case, the defendants declined to buttress their claim of federal jurisdiction with affidavits, discovery responses, or other sources of information that would provide a basis beyond defendants' mere assertions on which to conclude that the amount in controversy requirement is satisfied. *See McPhail*, 529 F.3d at 954, 956 (discussing documentation that may be proffered to demonstrate the amount in controversy). Without such factual support, defendants fail to overcome the "presumption against removal jurisdiction." *Laughlin*, 50 F.3d at 873; *see also Harding*, 490 F. Supp. 2d at 1135 (D. Colo. 2007) ("A defendant's assertion, with nothing more, that the matter in controversy exceeds $75,000 is insufficient to establish removal jurisdiction.").

Accordingly, it is

**ORDERED** that the motion to remand [Docket No. 10] is GRANTED. It is further

**ORDERED** that defendants Dana Dailey's and Michelle Bradley's motion to

---

controversy requirement. *Allapattah*, 545 U.S. at 559. This is not a class action. Rather, this case is governed by "the well established principle that each plaintiff . . . must individually satisfy the amount in controversy requirement." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).

dismiss [Docket No. 9] is DENIED as moot. It is further

**ORDERED** that this case is REMANDED to the District Court, Boulder County, Colorado, where it was originally filed as Case No. 2008CV866, Division 3.

DATED January 23, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge